UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

New England Teamsters Savings
and Investment Plan et al.

    v.

First Student, Inc.

Case No. 24-cv-186-SE
Opinion No. 2025 DNH 100

**O R D E R**

    The New England Teamsters Savings and Investment Plan (Plan) is an "employee pension benefit plan" within the meaning of The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The Plan and its Chairman, Jeffrey Padellaro, bring this suit against First Student, Inc., a contributing employer to the Plan. The plaintiffs seek to collect lost earnings related to First Student's alleged failure "to timely remit employee elective deferrals and loan repayments for the benefit of [its] hundreds of covered employees." Doc. no. 1, ¶ 1. First Student disclaims any liability and brings 11 counterclaims, including New Hampshire state-law claims and ERISA claims, against the plaintiffs and identical claims against third-party defendants Benefits Plan Administrative Services, Inc. d/b/a BPAS and John R. Heise, BPAS's agent. In the counterclaims and third-party claims, First Student alleges that it actually remitted hundreds of thousands of dollars of elective deferrals and loan repayments, but BPAS and Heise, who handle the Plan's administration and record-keeping as the Plan's and Padellaro's agents, have wrongfully withheld the funds and failed to return them to First Student or apply them to the Plan participants' accounts.

The Plan and Padellaro move to dismiss all but one of the counterclaims, doc. no. 33, and Heise moves to dismiss all third-party claims against him, doc. no. 32.[1] Broadly speaking, both motions argue that First Student cannot assert any ERISA claim because First Student is not a participant, beneficiary, or fiduciary of the Plan, and that ERISA pre-empts all of First Student's state-law claims. First Student objects to both motions.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). To test a complaint's sufficiency, the court must employ a two-step approach. First, it must identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations. See id. Only then can the court determine

---

[1] BPAS does not move to dismiss any of the third-party claims against it and has answered the third-party complaint. Doc. no. 39.

whether the "combined allegations, taken as true, . . . state a plausible, not a merely conceivable, case for relief." Id. (quotation omitted).

Background

The Plan provides pension benefits to employees of certain employers who are signatories to collective bargaining agreements between the employers and New England-based Teamsters Union Locals. Padellaro is a Trustee and Chairman of the Plan and is a "fiduciary" of the Plan under ERISA.

First Student is a contributing employer to the Plan. Under the terms of the collective bargaining agreements, First Student employees may make elective deferrals from their wages to the Plan and may receive loans from their Plan accounts. Under ERISA regulations, those employees' elective deferrals and loan repayments are Plan assets once First Student deducts them from the employees' pay. As such, First Student is obligated to remit those payments to the Plan "as of the earliest date on which such [deductions] can reasonably be segregated from the employer's general assets" and "in no event . . . later than . . . the 15th business day of the month following the month in which such amounts would otherwise have been payable to the participant in cash . . . ." 29 CFR § 2510.3-102.

The Plan and Padellaro allege that, beginning in 2023, First Student has failed to remit employee deferrals and loan repayments to the Plan within in the timeframe required by law. They also allege that First Student has not submitted any employee wage deduction information since May 2024. The Plan and Padellaro seek legal and equitable relief under ERISA.

First Student denies liability and brings counterclaims against the Plan and Padellaro. It also brings third-party claims against BPAS, a national provider of retirement and benefit plans,

3

and Heise, BPAS's agent. The counterclaims and third-party claims "arise out of the same set of facts and circumstances" and are largely identical. Doc. no. 26 at 11 n.1. Specifically, First Student alleges that since August 2019, and at the Plan's direction, First Student has been remitting contributions owed under the agreements to BPAS rather than directly to the Plan. In December 2023, First Student erroneously remitted double the non-elective contribution amount to BPAS. This resulted in an overpayment to the Plan of approximately $220,813.92. First Student has unsuccessfully attempted to get this overpayment returned or credited to its account by contacting Heise, Padellaro, and employees at BPAS and the Plan. In addition, First Student alleges that BPAS has refused to deposit to Plan participants' accounts more than $128,000 that First Student remitted to BPAS in 2024.

Discussion

First Student alleges 11 claims against some combination of the Plan, Padellaro, BPAS, and Heise.[2] The claims fall generally into two categories: those brought pursuant to ERISA and those brought under New Hampshire state law. The ERISA claims are styled as Equitable Lien or Constructive Trust (Count I), Unjust Enrichment pursuant to 29 U.S.C. § 1132(a)(3) (Count II), and Unjust Enrichment under Federal Common Law of ERISA (Count III). The New Hampshire state-law claims are styled as Request for Injunctive Relief to Prevent Dissipation of

---

[2] As discussed further below, although the counterclaim complaint and the third-party complaint are identical because First Student combined its counterclaims and third-party claims into one operative "complaint," First Student does not allege every claim against every counterclaim defendant or third-party defendant. For example, First Student alleges the ERISA claims (Counts I through III) against all of the counterclaim and third-party defendants but alleges certain third-party claims (Counts V and IX) against BPAS but not Heise, and others (Counts VI and VII) against the third-party defendants but not the counterclaim defendants.

Assets (Count IV), Breach of Contract (Count V), Quantum Meruit (Count VI), Conversion (Count VII), Tortious Interference with Contract (Count VIII), Negligent Misrepresentation (Count IX), and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count X). Further, First Student appears to bring its claim for Attorneys' Fees (Count XI) under both ERISA and New Hampshire state law.[3]

The counterclaim defendants move to dismiss two of the ERISA claims (Counts I and II), the claim for attorneys' fees (Count XI), and the state-law claims against them (Counts IV and V). Doc. no. 33. They do not move to dismiss the claim for unjust enrichment under the federal common law of ERISA (Count III). Similarly, Heise moves to dismiss two of the ERISA claims (Counts I and II), the claim for attorneys' fees (Count XI), and all five state-law claims asserted against him (Counts IV, VI-VIII, and X). Doc. no. 32. He does not move to dismiss Count III.

Although First Student asserts certain claims against the counterclaim defendants but not against Heise and vice versa, the court addresses the motions to dismiss together because they are largely based on the same arguments. That is, first, that ERISA pre-empts every state-law claim in this case; second, that First Student lacks standing to assert the three ERISA claims that are the subject of the motions to dismiss; and third, that First Student cannot assert a claim for attorneys' fees. Heise also argues that certain of First Student's New Hampshire state-law claims fail to state plausible claims for relief.

---

[3] The counterclaim defendants and Heise interpret First Student's claim for attorneys' fees in Count XI as arising under § 502(g)(1) of ERISA. They further move to dismiss the claim to the extent that it is based on ERISA common law. First Student disputes that interpretation.

5

I.        ERISA Pre-Emption

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid [e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Id. (quotations omitted).

Specifically, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." § 1144. "[A] state law relates to an ERISA plan if it has a connection with or reference to such a plan." Orabona v. Santander Bank, N.A., 141 F.4th 1, 7 (1st Cir. 2025) (quoting Rutledge v. Pharm. Care Mgmt. Ass'n, 592 U.S. 80, 86 (2020) (quotations omitted and alteration in original)). The First Circuit has "consistently held that a cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 52 (1st Cir. 2000) (citing cases). Further, "courts must look . . . to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.'" Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007) (quotations omitted).

The counterclaim defendants and Heise argue that ERISA preempts the New Hampshire state-law claims asserted in Counts IV-X.[4] Although based on different legal theories, the state-law claims allege broadly that BPAS, on the Plan's behalf, is unlawfully in possession of approximately $349,000 of First Student's payments. They further allege that neither the counterclaim defendants nor the third-party defendants will deposit those funds into Plan participants' accounts as they are obligated to do. Although these claims may "relate to" an employee benefit plan, the court cannot conclude that ERISA pre-empts the state-law claims at this stage. None of the filings in the case provides details regarding any agreements that govern the relationship between BPAS and the Plan or BPAS and First Student, and it is unclear whether resolution of First Student's state-law claims would require the court to interpret the terms of an ERISA plan to determine liability for those claims. In short, at "this preliminary stage of review, it would be premature to attempt to delineate the precise contours of ERISA preemption as it applies to this case." Few v. Liberty Mut. Ins. Co., 498 F. Supp. 2d 441, 448 n.7 (D.N.H. 2007). The counterclaim defendants' and Heise's pre-emption arguments are better addressed in a properly-supported summary judgment motion.

II.  Standing to Bring ERISA Claims

As the parties agree, to pursue the ERISA claims alleged in Count I (Claim for Equitable Lien or Constructive Trust), Count II (Claim for Unjust Enrichment), and Count XI to the extent

---

[4] First Student asserts Count IX only against BPAS which has not moved to dismiss any claims. Nonetheless, the counterclaim defendants include Count IX in their pre-emption briefing. The court includes it here only for ease of reference and not for legal effect. Moreover, First Student does not assert Count V against Heise. Because the legal analysis in the sections addressing ERISA pre-emption in the counterclaim defendants' memorandum in support of their motion to dismiss and Heise's memorandum are identical, the court will discuss them together.

that the claim for attorneys' fees is brought under § 502(g)(1) of ERISA, First Student must qualify as either a participant, a beneficiary, or a fiduciary within the meaning of 29 U.S.C. § 1132(a). First Student argues only that it is a beneficiary.

A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). First Student does not argue that it falls within that definition. Nevertheless, it contends that it can bring Counts I, II, and XI because it alleges that it is a third-party beneficiary of the contract between the counterclaim defendants and BPAS under which BPAS provides administrative or recordkeeping services for the Plan. Doc. no. 26, ¶¶ 89, 138.

First Student's argument suffers from two fatal flaws. The first is that First Student does not allege that it is a third-party beneficiary to an employee benefit plan. Instead, First Student alleges that it is a third-party beneficiary to a contract between the counterclaim defendants and BPAS, pursuant to which BPAS provides the Plan with administrative and recordkeeping services. First Student does not explain how its alleged status as a third-party beneficiary to that contract brings it within ERISA's definition of a beneficiary.

Regardless, even if First Student had alleged that it was a third-party beneficiary of an employee benefit plan, that conclusory allegation would not bring it within ERISA's purview. First Student "cites no legal authority suggesting that it is entitled to recover benefits owing under an ERISA plan based upon a third-party beneficiary theory." My Premier Nursing Care v. Auto Club Grp. Ins. Co., No. 21-CV-12657, 2023 WL 2839073, at *5 (E.D. Mich. Apr. 7, 2023); see also Dallas Cnty. Hosp. Dist. v. Associates' Health & Welfare Plan, 293 F.3d 282, 289 (5th Cir. 2002) (holding that "ERISA does not countenance third-party beneficiary claims").

For these reasons, the court grants the counterclaim defendants' and Heise's motions to dismiss as to Counts I, II, and XI, to the extent that Count XI is based on an award of attorneys' fees under § 502(g)(1).

III.     Attorneys' Fees

The counterclaim defendants and Heise also move to dismiss First Student's claim for attorneys' fees in Count XI to the extent that it is based on the federal common law of ERISA. They argue that attorneys' fees are not recoverable under the federal common law of ERISA, though they concede that the First Circuit has not addressed the issue directly. See doc. no. 32-1 at 9, doc. no. 33-1 at 10. First Student notes that it seeks attorneys' fees "where permissible by statute or common law" and it would be premature for the court to rule that it is not entitled to such fees at this stage. Doc. no. 26, ¶ 153.

"Generally speaking, a request for attorneys' fees is not an independent cause of action, but is rather a remedy that the Court may award in its discretion." Steve C. v. Blue Cross & Blue Shield of Massachusetts, Inc., 450 F. Supp. 3d 48, 61 (D. Mass. 2020). First Student does not explain how a request for attorneys' fees could constitute a separate claim in the context of its allegations in this case. Therefore, Count XI is dismissed. However, the court will not, at this stage of the case, preclude First Student from pursuing attorneys' fees as a remedy under some other theory if appropriate.

IV.     Failure to State a Claim

Heise argues that First Student has failed to state a claim for Quantum Meruit (Count VI), Conversion (Count VII), and Breach of the Implied Covenant of Good Faith and Fair Dealing

(Count X). With regard to the quantum meruit claim, Heise merely states the elements of the claim and asserts that First Student does not plead any facts to support the claim. The court would typically need not address such a cursory argument. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed."). However, First Student's objection admits that it has not alleged any facts that could satisfy the elements of the claim because it makes it clear that First Student has misapprehended the elements of the claim. Quantum meruit requires that the plaintiff provide a service to the defendant. Gen. Insulation Co. v. Eckman Constr., 159 N.H. 601, 612 (2010). First Student has not alleged that it provided any service to Heise or to any other defendant. Its memorandum in opposition to Heise's motion to dismiss points only to allegations that BPAS renders services to First Student. Doc. no. 41 at 9 (referring to doc. no. 27, ¶¶ 95-101). These cannot serve as the basis of a First Student's quantum meruit claim. Count VI is dismissed as to Heise.

    Heise's arguments regarding the claims for conversion and breach of the implied covenant of good faith and fair dealing make less headway. With regard to the conversion claim, Heise argues that the third-party complaint fails to allege the necessary element that he possessed or controlled First Student's funds. To the contrary, First Student alleges that the third-party defendants, which include Heise, "maintain possession and control" over its funds. Doc. no. 27, ¶ 108.

    As for the breach of implied covenant and fair dealing claim, Heise argues that First Student fails to allege the existence of a contract between them. As First Student notes, however, its implied covenant of good faith and fair dealing claim is premised on its status as a third-party beneficiary to the contract between the counterclaim defendants and the third-party defendants.

See doc. no. 27, ¶¶ 134-146. Heise does not address those allegations and, as such, his motion to dismiss Count X is denied. See generally Jones Lang LaSalle New England, LLC v. 350 Waltham Assocs., LLC, No. 1:17-CV-11784-IT, 2020 WL 419516, at *5 (D. Mass. Jan. 27, 2020) (stating that an intended third-party beneficiary has standing to enforce the implied covenant of good faith and fair dealing under Massachusetts law); see Ruivo v. Wells Fargo Bank, N.A., No. 11-CV-466-PB, 2012 WL 5845452, at *3 (D.N.H. Nov. 19, 2012) (implying same under New Hampshire law), aff'd, 766 F.3d 87 (1st Cir. 2014)

## Conclusion

For the foregoing reasons, Heise's motion to dismiss (doc. no. 32) and the counterclaim defendants' motion to dismiss (doc. no. 33) are granted as to Counts I, II, VI, and XI as provided in this order and are otherwise denied.

SO ORDERED

                                        _/s/ SDElliott_____
                                        Samantha D. Elliott
                                        United States District Judge

September 2, 2025

cc: Counsel of Record